# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

| In re:<br><br>Ronald Benjamin Mitchell and<br>Deborah Ann Mitchell,<br>        *Debtors* | Case No.: 23-30450 (AMN)<br>Chapter 13<br><br>Re: ECF No. 118 |
|---|---|

## MEMORANDUM OF DECISION AND ORDER
## DENYING DEBTORS' MOTION FOR STAY PENDING APPEAL

Pending before the court is Ronald Benjamin Mitchell's and Deborah Ann Mitchell's ("Debtors") Motion for Stay Pending Appeal. ECF No. 118 ("Motion"). For the reasons to be discussed, the Motion will be denied. The court assumes familiarity with its Memorandum of Decision and Order Dismissing the Debtors' Chapter 13 case. ECF No. 117 ("Decision and Order").

### Nature of the Proceedings

A detailed procedural history of this Bankruptcy Case prior to dismissal can be found in the Decision and Order. For convenience, the court includes an abridged history.

The Debtors' filed this case on June 26, 2023 ("Petition Date"). ECF No. 1. The major dispute in this case concerned the Debtors' claims Wells Fargo Bank, N.A. ("Wells Fargo") failed to provide the Debtors with proof it complied with various procedural steps the Debtors argue were necessary before Wells Fargo could foreclose on their home. Before the Petition Date, Wells Fargo obtained a judgment of foreclosure on the Debtors' property, 290 Tuthill Street, West Haven, Connecticut. *Wells Fargo Bank, N.A., v. Ronald B. Mitchell AKA Ronald Benjamin Mitchell, et al.*, Connecticut Superior Court Case No. NNHCV226121488S, Doc. No. 120 ("Foreclosure Judgment").

The Debtors filed this Chapter 13 bankruptcy case to relitigate the Foreclosure Judgment rather than with the intention to cure the mortgage arrearage owed to Wells Fargo and obtain the "fresh start" envisioned by the Bankruptcy Code. *See,* ECF Nos. 59, 68, 85, 99, 116. Throughout the bankruptcy proceedings the Debtors asserted meritless and frivolous arguments.[1] This court held that collateral estoppel principles and the *Rooker-Feldman* doctrine precluded the Debtors' proposed relitigation of the Foreclosure Judgment. ECF No. 117. The court inquired whether the Debtors would be willing to acknowledge Wells Fargo's claim and propose a Chapter 13 Plan to cure their pre-Petition Date arrearage. Upon the Debtors answering in the negative, the court dismissed the case for cause. ECF No. 117. The Debtors appealed the Decision and Order, and simultaneously filed a Motion for Stay Pending Appeal. ECF No. 118. This decision addresses only the Motion for Stay Pending Appeal.

## Applicable Law

Rule 8007 of the Federal Rules of Bankruptcy Procedure requires an appellant seeking to stay an order of the bankruptcy court to file a motion in the bankruptcy court that entered the order first, before seeking a stay from the District Court. Fed.R.Bankr.P. 8007. Whether to grant a stay pending appeal lies within the sound discretion of the bankruptcy court. *Sabine Oil & Gas Corp. v. HPIP Gonzales Holdings, LLC (In re Sabine Oil & Gas Corp.)*, 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016); accord *ACC Bondholder Grp. v. Adelphia Commc'ns. Corp. (In re Adelphia Commc'ns. Corp.)*, 361 B.R. 337, 346 (S.D.N.Y. 2007). A motion for stay pending appeal seeking relief under Bankruptcy Rule 8007 is evaluated using the same standard as a motion for stay pending appeal of a

---

[1] For a discussion of some arguments facially similar to some of those asserted by the Debtors, *See, e.g. McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 212 (2012).

district court order.  *See, In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005).

"[A] stay is not a matter of right, even if irreparable injury might otherwise result, it is an exercise of judicial discretion, and [t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Uniformed Fire Officers Ass'n v. De Blasio*, 973 F.3d 41, 48 (2d Cir. 2020) (internal quotation marks omitted); accord, *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  "A party seeking a stay pending appeal carries a heavy burden."  *Barretta v. Wells Fargo Bank, N.A. (In re Barretta)*, 560 B.R. 630, 632 (D. Conn. 2016); accord *In re Sabine Oil & Gas Corp.*, 551 B.R. at 142.

A bankruptcy court should evaluate whether the parties seeking the stay (here, the Debtors) have made a showing they are likely to succeed on the merits, whether there will be irreparable injury to the movants in the absence of a stay, whether there will be substantial injury to the non-moving party if a stay is issued, and the effect of a stay on the public interest.  *See*, *Uniformed Fire Officers Ass'n v. De Blasio*, 973 F.3d at 48. "While the first two factors are the most important, the degree to which a factor must be present varies with the strength of the others; more of one factor excuses less of the other. . . .  In turn, the probability of success on the merits that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay.  Simply stated, more of one excuses less of the other."  *Leroy v. Hume*, 563 F. Supp. 3d 22, 26 (E.D.N.Y. 2021) (cleaned up) (citing *United States SEC v. Daspin*, 557 Fed. Appx. 46, 48 (2d Cir. 2014)).

"Because a bankruptcy court's decision to dismiss for cause is guided by equitable principles, it is reviewed for abuse of discretion." *In re Buhl,* 453 F. Supp. 3d 529, 534

(D. Conn. 2020) (citing *In re Murray*, 565 B.R. 527, 530 (S.D.N.Y. 2017), *aff'd*, 900 F.3d 53 (2d Cir. 2018)).

Discussion

Of the factors the court must consider, the first and fourth factors weigh most strongly against granting the Motion, while the second and third factors weigh slightly against granting the Motion.

The first factor – whether the Debtors have shown a likelihood of success on the merits – is often considered the most important for a court to consider when weighing whether to grant a stay pending appeal. Here, the Debtors' Motion does not demonstrate a likelihood or, in the court's opinion, even a possibility of success on the merits. The Debtors restate the same theories they have espoused since filing their bankruptcy case. *See,* ECF Nos. 59, 68, 85, 99, 116, 118. Nowhere in the Motion do the Debtors explain why the District Court will be able to side-step collateral estoppel principals, to disregard the *Rooker-Feldman* doctrine, or to allow the Debtors to relitigate the state court's Foreclosure Judgment. The Debtors also fail to address why the Decision and Order was an abuse of the bankruptcy court's discretion. The Debtors simply fail to show a likelihood of success on the merits.

Factor four – the impact of a stay on the public interest – also weighs against granting a stay because courts are meant to provide timely relief to the aggrieved and a fair forum for litigation. A stay in this case would prevent timely relief, instead permitting the Debtors' arguments that failed before the bankruptcy court to further delay a return to the state court foreclosure process. The public has an interest in courts preventing frivolous arguments from being asserted and reasserted *ad nauseum*. Providing the Debtors a stay would require the Trustee, Wells Fargo and the judicial process to continue

to expend resources on further litigation when the Debtors' arguments are unlikely to succeed.

The final two factors – irreparable harm to the Debtors and the relative harm to Wells Fargo – weigh slightly against granting a stay here.  The harm to the Debtors from a denial of a stay is unlikely to be irreparable, but it is significant.  The absence of a stay would permit the creditor to return to state court to enforce the Foreclosure Judgment, most likely resulting in a new foreclosure sale date being set.  While the Debtors could try to refinance the Wells Fargo debt or could try to reinstate the mortgage through a Chapter 13 case pursued in good faith, the success of these types of efforts to remedy the foreclosure is not assured.  The harm to Wells Fargo from imposing a stay is substantial in light of the delay that has already occurred since the Petition Date.  Because there appears to be an equity cushion in the Debtors' real property, Wells Fargo likely has adequate protection for the time being and this factor weighs only slightly against granting a stay.  In sum, the Debtors would not be irreparably harmed if the stay was not granted, and Wells Fargo would not be irreparably harmed if the stay were granted.

Weighing these four factors and considering the Debtors' failure to show they are likely to succeed on the merits as the most important factor, the court concludes a stay should not enter.

All other arguments have been considered and found to be without merit.
And, it is hereby,

**ORDERED**: The Debtors' Motion for Stay Pending Appeal, ECF No. 118, is denied.

Dated this 7th day of May, 2024, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut