# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br><br>RONALD BENJAMIN MITCHELL AND DEBORAH ANN MITCHELL,<br><br>*Debtors* | Case No.: 23-30450 (AMN)<br>Chapter 13<br><br>Re: ECF No. 159 |

## MEMORANDUM OF DECISION AND ORDER DENYING DEBTORS' PETITION FOR ENFORCEMENT OF STAY AND PROHIBITION OF DEBT COLLECTION ACTIVITIES

Debtors Ronald Benjamin Mitchell and Deborah Ann Mitchell ("Debtors") commenced this Chapter 13 case by filing a voluntary bankruptcy petition on June 26, 2023 ("Petition Date").  ECF No. 1.  This court issued a Memorandum of Decision and Order Dismissing the Debtors' Chapter 13 case ("Dismissal Order") on May 1, 2024.  ECF No. 117.  The next day, the Debtors filed an appeal to the District Court, which remains pending.  ECF No. 118.  *See* Case No. 3:24-cv-00818-OAW, United States District Court, District of Connecticut.  As part of the Notice of Appeal, the Debtors requested a stay pending appeal.  ECF No. 118.  After consideration of the Debtors' request, the court denied the request for stay pursuant to Fed. R. Bankr. P. 8007 ("First Order Denying Stay").[1]  *See* ECF No. 124.

Recently, on October 21, 2024, the Debtors filed a Petition for Enforcement of Stay and Prohibition of Debt Collection Activities ("Petition for Stay") seeking enforcement of a

---

[1] The court notes the Debtors filed a nearly identical motion in the District Court which remains pending.  See Document 41 in Case No. 3:24-cv-00818-OAW, United States District Court, District of Connecticut.

1

stay they allege is in place at this time (although there is no stay at this time), an order prohibiting any further debt collection activities pending resolution of the appeal (in effect, imposition of a stay), issuance of an injunction, and the issuance of an order to show cause why Wells Fargo Bank, N.A. (the plaintiff in the underlying state court foreclosure action) (the "Respondent") should not be held in contempt for violating the stay.  ECF No. 159.  The Respondent objected.  ECF No. 163.  Notably, the Petition for Stay does not include a description of collection activity by the Respondent.

The court assumes familiarity with its previous decisions and orders.  ECF Nos. 117 (Memorandum of Decision Dismissing Debtors' Chapter 13 Case), 124 (Amended Memorandum of Decision and Order Denying Debtors' Motion for Stay Pending Appeal).

<u>Applicable Law and Procedural Background to Requests for a Stay</u>

Pursuant to Fed. R. Bankr. P. 8007(a), a party seeking a stay of a final order of the Bankruptcy Court pending appeal must move first in the bankruptcy court.  Generally, appellants from orders of a bankruptcy court will file a motion for stay pending appeal with the bankruptcy court, consistent with Rule 8007(a).  If that initial request for a stay pending appeal is denied, many appellants will then immediately file a motion for stay pending appeal with the District Court.  Fed.R.Bankr.P. 8007(b).

Here, it appears the appellants/Debtors filed a motion for stay pending appeal with the bankruptcy court as part of their Notice of Appeal filed on May 2, 2024.  ECF No. 118. The bankruptcy court denied the request for a stay pending appeal on May 8, 2024.  ECF No. 124.  On October 4, 2024, and October 21, 2024, the appellants/Debtors filed documents including one similar to the Petition for Stay with the District Court, requesting the District Court enter a stay pending appeal.  *Compare,* ECF No. 124 and Documents

40, 41 in Case No. 3:24-cv-00818-OAW.  The requests for a stay pending appeal before the District Court have not been acted upon.  No order of either the bankruptcy court or the District Court imposed a stay pending appeal.

Within the Second Circuit, the following factors must be considered before granting a stay pending appeal:

> [1] whether the applicant can make a 'strong showing that he is likely to succeed on the merits,
> [2] irreparable injury to the applicant in the absence of a stay,
> [3] substantial injury to the nonmoving party if a stay is issued, and
> [4] the public interest.

*In re 461 7th Ave. Mkt., Inc.,* No. 20-3555, 2021 WL 5917775 (2d Cir. 2021) (citing *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007), *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)) (footnote omitted). A stay "is not a matter of right, even if irreparable injury might otherwise result," it is "an exercise of judicial discretion." *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken*, 129 S. Ct. at 1761.

## Discussion

### *Any Request for a Stay Pending Appeal is Denied*

The court previously denied the Debtors' request for a stay pending appeal because the Debtors failed to show a strong likelihood of success on the merits, did not show they would suffer irreparable harm in the absence of a stay, did not show the non-moving party (here, the Respondent) would not be substantially injured and did not address the public interest.  *See* ECF No. 124.  In this second request to the bankruptcy court for a stay pending appeal, the Debtors failed to establish (or even address) any of

the four factors relevant to a stay pending appeal. The Petition for Stay is denied for the same reasons stated in ECF No. 124, the First Order Denying Stay.

### Any Request for an Order Prohibiting Collection Activity is Denied

The Petition for Stay also appears to seek broader relief including an order prohibiting the Respondent from engaging in collection activity against the Debtors. The Debtors appear to rely on state law to describe an automatic stay upon appeal. But, unlike Connecticut state procedure where there is an automatic stay pending on appeal for civil cases under certain conditions, there is no corresponding provision that applies in the context of an appeal from a bankruptcy court to a district court. *Compare* Connecticut Practice Book § 61-11 (providing an automatic stay upon appeal) *with* Fed.R.Bankr.P. 8007 (a stay of a bankruptcy court order must be requested).

The Debtors argue, "[t]he United States Federal District Court for the District of Connecticut has also recognized the stay in its orders dated May 2, 2024." ECF No. 156. However, there is no order entered by the District Court imposing a stay. *See* Docket of Case No. 3:24-cv-00818-OAW, United States District Court, District of Connecticut. The only orders issued by the District Court on May 2, 2024, are an Electronic Filing Order, a Standing Protective Order, and a Standing Order to Litigants, Regarding Letters to the Court. Case No. 3:24-cv-00818-OAW, Docket No. 4, 5, 6. None of those three orders address or implement a stay pending appeal from the bankruptcy court as the Debtors claim. *See* Case No. 3:24-cv-00818-OAW. As noted, the Petition for Stay awaits decision from the District Court. Document 41, Case No. 3:24-cv-00818-OAW.

The Debtors also argue that the Bankruptcy Court instituted a stay requested by Debtors on June 26, 2023, pending the outcome of the appeal. ECF No. 159, p. 3. June

4

26, 2023, is the petition date of this case.  To the extent the Debtors seek to enforce the automatic stay pursuant to 11 U.S.C. § 362(a) in their Petition for Stay, the request fails because the automatic stay only "continues until the earliest of... the time the case is dismissed."  11 U.S.C. § 362(c)(2)(B).  This case was dismissed on May 1, 2024, and the stay set forth in 11 U.S.C. § 362(a) expired at that time.

<u>Any Request for an Injunction is Denied</u>

The Debtors may be attempting to seek imposition of a new form of stay, perhaps a preliminary injunction, from this court to prevent foreclosure proceedings from continuing.  To obtain a preliminary injunction in the Second Circuit, a party must demonstrate "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."  *In re Kwok*, 662 B.R. 432, 437 (Bankr. D. Conn. 2023) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)).  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *McDougall v. Carusone*, No. 3:22-CV-206, 2022 WL 394386, at *1 (D. Conn. Feb. 9, 2022) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  Here, no evidence was filed with the Petition for Stay, there is no showing that such an extraordinary and drastic remedy is necessary, and the Debtors failed to show why this remedy should be employed.

*Any Request for an Order to Show Cause is Denied*

The court declines to issue an Order to Show Cause against the Respondent. The case here was dismissed on May 1, 2024, and no court has imposed a stay pending appeal. There is presently no stay of collection activity as a result of this bankruptcy case.[2] There is no basis to enforce the non-existent stay pending appeal, and no reason to determine whether the Respondent's conduct (which is not described) might be subject to sanction.

The court considered all other arguments and finds them to be without merit.

Accordingly, it is hereby;

**ORDERED**: To the extent the Petition for Stay, ECF No. 159, seeks an enforcement of the automatic stay provided in 11 U.S.C. § 362(a), a stay pending appeal pursuant to Fed.R.Bankr.P 8007(a), an order prohibiting collection activities, a preliminary injunction against the Respondent, or a determination the Respondent is in contempt of a stay, it is denied.

Dated this 21st day of November, 2024, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut

---

[2] On November 7, 2024, the Debtor Ronald Mitchell filed a new Chapter 11 bankruptcy petition commencing case number 24-31009 (AMN). That case remains pending although it is in violation of Local Bankruptcy Rule 1017-1, and there are procedural infirmities the Debtor is required to address to avoid dismissal.